PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE STUDER GROUP, L.L.C., | ) | |
| | ) | CASE NO. 1:12mc53 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THE CLEVELAND CLINIC FOUNDATION, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Regarding ECF No. 1] |

This matter is before the Court upon Plaintiff The Studer Group, LLC's Motion to Quash Subpoena Duces Tecum Issued to Non-Party Goodwin Procter L.L.P. ECF No. 1. For the reasons that follow, the Court denies Plaintiff's Motion as moot and the above-captioned case is dismissed for lack of jurisdiction.

**I.**

On April 4, 2012 the instant case was transferred to the Northern District of Ohio from the District of Massachusetts. The transfer order was silent as to the reasons for the transfer, but the parties had filed a Joint Motion to Transfer Plaintiff's Motion to Quash to the Northern District of Ohio. ECF No. 10. In that motion, the parties stated they "have reached an agreement to have all the cases/motions pending in New York, Georgia and Massachusetts transferred to the Northern District of Ohio[.]" ECF No. 10 at 3. The parties further requested the case be assigned to the Judge presiding over the pending civil action, *The Studer Group, L.L.C. v. The Cleveland Clinic Foundation*, Case No. 1:10cv1957. ECF No. 10 at 3. That Judge is the Honorable Christopher A. Boyko — the case was assigned to the instant Court.

(1:12mc53)

## II.

The District of Massachusetts issued a subpoena, on behalf of Defendant, The Cleveland Clinic Foundation, commanding a nonparty, Goodwin Procter, located in Massachusetts, to produce documents, information, or objects or to permit inspection of premises. ECF No. 1-1 at 2. Plaintiff filed a Motion to Quash, arguing the subpoena's commands violate Fed. R. Civ. P. 45.[1]

The plain language of Rule 45 states that the power to quash a subpoena lies with the issuing court. Fed R. Civ. Pro. 45(c)(3). Moreover, an issuing court may protect a person subjected to or affected by a subpoena by quashing or modifying the subpoena. Fed. R. Civ. P. 45(c)(3)(B). The issuing court in this action was the District Court of Massachusetts.

The only basis for transfer to this Court is the agreement of the parties to the underlying suit. The Court has not consented to jurisdiction over nonresident nonparty

---

[1] Plaintiffs state the subpoena:

(i) improperly commands non-party Goodwin Procter LLP to produce commercial and confidential information and materials of Plaintiff related to a transaction between Plaintiff and JMI Equity, one of Goodwin Procter's clients, in violation of Fed. R. Civ. P. 45(c) (3) (B) (i); (ii) improperly seeks to circumvent the discovery process in the Ohio Action; (iii) commands non-party Goodwin Procter LLP to produce information that is confidential and privileged pursuant to the common interest privilege in violation of Fed. R. Civ. P. 45(c) (3) (A) (iii); and (iv) seeks the production of voluminous records and documents but fails to allow sufficient or reasonable time in which to comply and thereby creates an undue burden for both Plaintiff and Goodwin Procter LLP in violation of Fed. R. Civ. P. 45(c) (3) (A) (i) and (iii).
ECF No. 1 at 1-2.

2

(1:12mc53)

discovery matters and the Sixth Circuit has expressly stated that parties cannot confer subject matter jurisdiction by agreement where it does not otherwise exist. See *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 904 (6th Cir. 2006).

In *Cochran v. National Processing Company*, the district court denied a motion to transfer venue of a motion to quash subpoena to the district where the underlying action was pending. 2010 WL 820943, at *1 (E.D.Ky. March 4, 2010). The decision focused on the language of the Federal Rules and Sixth Circuit precedent. *Id*. (citing *United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., Inc.*, 444 F.3d 462 (6th Cir. 2006).

In *Pogue*, the Sixth Circuit noted that a judge presiding over a multi-district litigation (MDL) case is empowered by federal law to enforce, modify, or quash a subpoena directed to an extradistrict nonparty. *Id*. at 468-69 (citing 28 U.S.C. § 1407(b)). Unlike *Pogue*, the instant matter is not a MDL case and, in any event, the underlying action is not pending on the instant Court's docket.

The *Pogue* decision further acknowledged the difficulties that arise regarding appellate court jurisdiction should there be an appeal of a contempt order against a nonparty. Even when an MDL court issues a discovery order as to a nonparty, *Pogue* holds that appeals of such orders typically are heard in the appellate court encompassing the deposition or discovery district. *Pogue*, 444 F.3d at 468. Consequently, if the Court were to issue a ruling as to the instant Motion to Quash, any potential appeal would need to be heard in the appellate court attending to the District Court of Massachusetts, because that was the court that issued the subpoena. Judicial efficiency and notions of comity are not best served by the transfer of the Motion to Quash to this

3

(1:12mc53)

district.

### III.

For the reasons stated above, the Court denies Plaintiff's Motion (ECF No.1) to Quash Subpoena Duces Tecum as moot, and dismisses the miscellaneous action for lack of jurisdiction.

IT IS SO ORDERED.

| | |
|---|---|
|   October 4, 2012   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |